Nathaniel BUCKNER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 52232, 52233.

Court of Criminal Appeals of Texas.

July 7, 1976.

Ronald A. Piperi, Killeen, for appellant.

Joe Carroll, Dist. Atty., and Jack M. Pepper, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeals are taken from convictions for delivery of heroin. The two causes were tried together before the court on August 8, 1975, upon pleas of guilty and punishment in each case was set at eight years.

Appellant contends that "The trial court erred in admonishing the appellant pursuant to Vernon's Ann.C.C.P., Art. 26.13, because that article is unconstitutional, and appellant was denied his right to liberty without due process of law contrary to the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 1, Sec. 19 of the Texas Constitution."

Appellant concedes that there was substantial compliance with Art. 26.13, supra,

by the trial court in admonishing appellant. The appellant does not contend that he was not aware of the consequences of his plea or that he was misled or harmed by the admonishment of the court. Appellant was represented by retained counsel and it is not suggested that such counsel was ineffective. Appellant's contention appears to be bottomed on the proposition that Art. 26.13, supra, will not meet constitutional muster in determining the voluntariness of a plea of guilty. While appellant's attack appears to be directed to Art. 26.13, supra, rather than its application, appellant reviews the record in the instant cases in arguing that he was deprived of his constitutional rights. We, too, will review the record in an effort to determine if same presents any question of constitutional dimension.

Article 26.13, supra, as amended, Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 3, effective June 19, 1975, provides:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense; and

(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, substantial compli-

ance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, cited by appellant, the judge asked no questions of appellant concerning his plea. The Supreme Court noted that the waiver of federal constitutional rights is involved when a plea of guilty is entered in a state court; namely, (1) the privilege against self-incrimination; (2) the right to trial by jury; (3) the right to confront one's accusers. The Court concluded that the waiver of these rights could not be presumed from a silent record.

The record before us reflects a sharp contrast between what occurred in the trial court in the instant case to *Boykin*. The court inquired of appellant personally (1) relative to his waiver of trial by jury; (2) whether appellant was pleading guilty of his own free will; (3) whether appellant had been "forced or threatened—or pressured—anything" to plead guilty; (4) that the court would have to find him guilty upon his plea of guilty and advised appellant as to the range of punishment. Pursuant to the requirements of Art. 1.15, V.A.C. C.P.,[1] appellant filed written waivers bearing his signature and that of his counsel and the approval of the court, waiving his right to trial by jury, right to confrontation and cross-examination of witnesses, and right against self-incrimination.

Article 26.13, supra, requires that the plea not be accepted unless it appears that

1. Art. 1.15, V.A.C.C.P., provides:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his

plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

"the plea is free and voluntary." In the instant case, the record supports the trial court's finding that the pleas were voluntary. While no inquiry was made of appellant's mental competency, it was not suggested at trial, nor is it now suggested, that he was not mentally competent. Appellant's answers to the questions propounded by the court appear lucid and support the court's finding that appellant "is sane."

Appellant's written judicial confessions admitting all of the elements of the offenses were admitted into evidence,[2] counsel for appellant stating, "We have no objections. The Defendant signed the same in open court to-day."

 Appellant points to the fact that at no time during the trial did the court make inquiry, nor does Art. 26.13, supra, require that appellant be asked, "(1) whether or not he understood what his Fourth, Fifth and Sixth Amendment rights were; (2) whether or not any of these were violated by the police during his arrest (e. g. failure to give proper Miranda warnings) or prior to trial (3) whether or not he realized exactly what he was waiving by pleading guilty." It would thus appear to be appellant's position that Art. 26.13, supra, to be constitutional must not only require a determination by the court that the plea is freely and voluntarily made, but must go further and require an inquiry and determination by the court that none of the accused's constitutional rights were violated at any stage of the proceeding, beginning with the defendant's arrest. We conclude that such requirements would necessitate an unwarranted, if not unreasonable, extension of the Supreme Court's holding in *Boykin v. Alabama,* supra. We cannot agree with appellant's contention that Art. 26.13, supra, is violative of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 1, sec. 19 of the Texas Constitution, nor can we conclude that appellant was deprived of any of his rights by the

manner in which it was applied in the instant case.

The judgments are affirmed.

Opinion approved by the Court.

2. Cf. *Henderson v. Morgan,* —— U.S. ——, 96 S.Ct. 2253, 49 L.Ed.2d 108, 1976, 19 Cr.L. 3133.