Jerry Dwayne JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0655–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 29, 1986.

Ronald N. Hayes, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Kathlyn Giannaula, Doug Davis, Harris County Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, COHEN and DUNN, JJ.

## OPINION

DUNN, Justice.

Upon a plea of guilty to the court, appellant was convicted of murder, and sentenced to 40 years confinement. Appellant contends the trial court erred in making an affirmative finding that a deadly weapon was used and in failing to admonish him at the time he entered his plea of the consequences of such plea. The State asks this Court to reform the judgment to reflect the trial court's finding that a deadly weapon was used. We reform the judgment and affirm as reformed.

Appellant contends that the trial court's judgment should be reformed to delete any finding as to the use of a deadly weapon, because the indictment did not allege that the gun appellant used was a deadly weapon; his plea of guilty to the indictment did not constitute a finding of the use of a deadly weapon; the judge who determined guilt did not make an affirmative finding of the use of a deadly weapon; and no request or special issue was submitted to the judge who assessed punishment. Appellant does not contend that the evidence was insufficient for the sentencing judge to make the finding, only that it was improper for this judge to make it.

When the trial judge is the trier of fact at the punishment stage, and she has evidence on the issue before her, she has authority to make an affirmative finding as to the use or exhibition of a deadly weapon if the matter has not already been determined by the trier of fact that determined guilt. *Fann v. State*, 702 S.W.2d 602, 604–05 (Tex.Crim.App.1985) (op. on reh'g). The indictment alleged that appellant intentionally and knowingly caused the complainant's death "by shooting the complainant with a gun." The judge who determined punishment had appellant's stipulation of guilt and a presentence investigation report before her. She had authority to make an affirmative finding on the use of a deadly weapon.

Both the statement of facts and the docket sheets show that the sentencing judge affirmatively found the use of a deadly weapon. However, that finding does not appear in the judgment, and the State requests this Court to reform the judgment. This Court on appeal may reform a judgment, based on information in the record, to conform to the finding of the trial court. *Milczanowski v. State*, 645 S.W.2d 445, 446 (Tex.Crim.App.1983). The judgment of the trial court is reformed to show that the court made an affirmative finding of the use of a deadly weapon.

Appellant's first ground of error is overruled.

Appellant next contends that the trial court erred in failing to admonish him, at the time he entered his plea of guilty, of the consequences of such plea. The trial

court failed to admonish appellant as mandated by Tex.Code Crim.P.Ann. art. 26.-13(a)(3) (Vernon Supp.1986), which provides:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> .    .    .    .    .
>
> (3) The fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

The trial court admonished appellant, as required by article 26.13(a)(1)–(2), regarding the range of punishment and that no agreement or recommendation made by the State's attorney is binding on the court, but did not admonish him regarding the possible limited right of appeal.

Article 26.13(c) makes substantial compliance with the admonishment provisions of that article sufficient unless the defendant shows harm. *Harrison v. State*, 688 S.W.2d 497, 499 (Tex.Crim.App.1985). Substantial compliance may be shown even when an admonishment required by article 26.13 is entirely omitted, if the admonishment is immaterial. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App.1979) (op. on reh'g). *Whitten* also holds that substantial compliance must be shown before an appellant has a burden to show harm.

The purpose of art. 26.13 is to assure the voluntariness of guilty pleas. An admonishment on the range of punishment, required by art. 26.13(a)(1), is material in every case. *See Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Crim.App.1980) (en banc). The admonishments required by (2), (3), and (4) of part (a) are material in only some cases. It is illogical to suppose that the legislature intended that any defendant obtain a reversal of his conviction for the failure to receive an admonishment that was immaterial to his situation. We hold that substantial compliance within the meaning of art. 26.13(c) and the purpose of art. 26.13 is established by showing that the trial court gave an admonishment on the range of punishment, unless the appellant shows the materiality of another admonishment required by the statute. This means that, except for the failure to admonish on the range of punishment, reversal for the failure to give any admonishment required by art. 26.13 will be required only when the appellant has shown both materiality and harm. *Cf. Tomas v. State*, 707 S.W.2d 221 (Tex.App.1986) (holding that the total absence of an admonishment pursuant to art. 26.13(a)(4) is not reversible error when the appellant fails to show harm, but not addressing the questions of materiality or substantial compliance); *Stubblefield v. State*, 659 S.W.2d 496, 499 (Tex.App.—Fort Worth 1983, no pet.); *Nycum v. State*, 650 S.W.2d 91, 94 (Tex.App.—Houston 1982, pet. filed); *King v. State*, 643 S.W.2d 176 (Tex.App.—Eastland 1982, no pet.).

In the present case, there was no "punishment recommended by the prosecutor and agreed to by the defendant and his attorney." Therefore, appellant's appeal was not limited by Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1974), and the admonishment under art. 26.13(a)(3) was immaterial.

Because appellant has shown neither materiality nor harm, and the trial court substantially complied with article 26.13 by giving the admonishments required by subsections (a)(1) and (a)(2), appellant's second ground of error is overruled.

The judgment is reformed to show that the trial court made an affirmative finding of the use of a deadly weapon, and as reformed, is affirmed.