**Brian Denard DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–01198–CR.**

Court of Appeals of Texas, Dallas.

May 5, 1992.

---

**2.** All three convictions were entered on the same date.

Fred Tinsley, Dallas, for appellant.

Jeffrey B. Keck, Dallas, for appellee.

Before BAKER, KINKEADE and WIGGINS, JJ.

## OPINION

BAKER, Justice.

Brian Denard Davis contends the trial court abused its discretion when it denied him a hearing on his motion for new trial. We find appellant waived an evidentiary hearing on his motion for new trial. We overrule his print of error. We affirm the trial court's judgment.

1. A copy of this pleading is attached to this

## PROCEDURAL BACKGROUND

The State charged appellant with theft of property of $750 or less. The State enhanced the charge with two prior theft convictions. Appellant waived a jury trial and pleaded guilty to the court. The trial court found appellant guilty. The court assessed punishment according to appellant's plea bargain agreement.

Appellant filed a pleading entitled "Defendant's Pleadings on Appeal." [1] This pleading asked the trial court to grant a new trial on grounds of ineffective assistance of counsel, imprisonment for debt, and newly discovered evidence. Appellant attached an affidavit alleging facts not in the record.

Appellant's notice of appeal is a preprinted form. The form expresses appellant's desire to appeal from the trial court's judgment. The notice does not state appellant has the trial court's permission to appeal. It does not specify any matters raised by written motion and ruled on before trial. The trial court overruled appellant's motion for new trial without a hearing.

## NO RIGHT TO APPEAL

### 1. The State's Contention

In its counterpoint, the State contends appellant has no right to appeal. The State notes appellant pleaded guilty and the court sentenced him according to the plea bargain agreement. The State also notes the notice of appeal does not state appellant obtained the trial court's permission to appeal. The State argues appellant had no right to appeal the court's denial of his motion for new trial. *See Jones v. State,* 796 S.W.2d 183, 186–87 (Tex.Crim.App. 1990); Tex.R.App.P. 40(b)(1).

### 2. Texas Rule of Appellate Procedure 40(b)(1)

Rule 40(b)(1) provides in part:
Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows

opinion as Exhibit 1.

the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendre pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. TEX.R.APP.P. 40(b)(1).

In this case, appellant pleaded guilty to the court. The trial court assessed the punishment agreed to by the State, appellant, and his attorney. Appellant's notice of appeal does not state the trial court granted permission to appeal. It does not specify the matters raised by written motion and ruled on before trial.

### 3. Jones v. State

■ *Jones* holds rule 40(b)(1) to be a restrictive rule. *Jones,* 796 S.W.2d at 186. The method of regulation is the nature of the notice of appeal a defendant files. If a defendant desires to appeal a nonjurisdictional defect or error that occurred before the entry of his plea, he must conform to the requirements of the rule. He must include in his notice his grounds of appeal. He must state he received the trial court's permission to appeal those matters. *See Jones,* 796 S.W.2d at 186; TEX.R.APP.P. 40(b)(1); *see also Morris v. State,* 749 S.W.2d 772, 774 (Tex.Crim.App.1986).

### 4. Application of Law to Facts

■ In our view, rule 40(b)(1) establishes a bright line test. Because the rule is restrictive, an appellant's noncompliance limits the reviewing court's consideration of nonjurisdictional defects or errors to those that occur after the entry of the

guilty plea. *Jones,* 796 S.W.2d at 186; *see also Jolivet v. State,* 811 S.W.2d 706, 708–09 (Tex.App.—Dallas 1991, pet. granted); TEX.R.APP.P. 40(b)(1).

In this case, appellant complains the trial court abused its discretion by denying him an evidentiary hearing on his motion for new trial. This point of error implicates an action of the trial court *after* appellant entered his guilty plea. We hold appellant has a right to have this Court consider the point. We reject the State's argument.

### DENIAL OF AN EVIDENTIARY HEARING

■ In his sole point of error, appellant contends the trial court abused its discretion by denying him a hearing on his motion for new trial. Appellant argues his affidavit in support of his motion for new trial required the court to have an evidentiary hearing. *See McIntire v. State,* 698 S.W.2d 652, 658–60 (Tex.Crim.App.1985); *Haight v. State,* 772 S.W.2d 159, 161 (Tex. App.—Dallas 1989, pet. ref'd).

The State argues appellant's affidavit shows there was no need for a hearing because the affidavit does not suggest facts outside the record that would entitle appellant to a new trial. *See Boyett v. State,* 692 S.W.2d 512, 516 (Tex.Crim.App. 1985); TEX.R.APP.P. 30(b)(6).

We need not reach the merits of appellant's contention. Appellant's motion for new trial affirmatively shows he waived an evidentiary hearing on his motion for new trial. The form appellant filed states:

**AFFIDAVITS (in lieu of Hearing).** Defendant requests the Court to decide the foregoing motions by affidavits.

We hold appellant waived an evidentiary hearing. We overrule his point of error.

We affirm the trial court's judgment.

KINKEADE, J., concurs.

# EXHIBIT 1

THE STATE OF TEXAS ~~I Sent yellow copy~~ CAUSE NO. (F91-63949-R) *[handwritten notes]* ~~cause the same violations~~ August-12-91

BRIAN DENARD DAVIS                    DALLAS COUNTY, TEXAS

FILED

AUG 14 1991

BILL LONG
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

## DEFENDANT'S PLEADINGS ON APPEAL

TO THE HONORABLE JUDGE:

**MOTION TO SET ASIDE JUDGMENT & SENTENCE.** Defendant moves pursuant to *Rules 30, 31, 32 and 34, Texas Rules of Appellate Procedure,* for the Court to arrest and set aside the Judgment and Sentence herein, and to grant a new trial and such other relief as Defendant may be entitled on the following grounds:

☐ *Void Indictment/Information.* The Indictment/Information herein is void and insufficient as a matter of law to support a conviction.

☐ *Insufficient Evidence.* The evidence admitted at trial was insufficient as a matter of law to support a conviction.

☐ *Failure to Recuse.* The Trial Judge failed to recuse himself after prejudging Defendant's punishment. See *Jefferson v. State,* 803 SW2d 470 (Tex. App. 1991).

☒ *Ineffective Assistance of Counsel.* Defendant was denied the effective assistance of counsel in that:

   ☒ *Failure to Investigate.* Defendant's trial counsel failed to investigate the offense charged.

   ☒ *Failure to Advise.* Defendant's trial counsel failed to advise Defendant as to the applicable law.

☐ *Involuntary Plea Bargain.* The plea bargain, if any, upon which the judgment and sentence are based was involuntary in that it was induced by the failure of Defendant's trial counsel to provide effective assistance.

☒ *Imprisonment for Debt.* Defendant was indigent at the time of his trial and the judgment and sentence orders the imprisonment of Defendant until such time as he pays or otherwise satisfies the requirement to pay a fine, fees, restitution and/or court costs. Defendant was never advised by the Court or his trial counsel, and he did not know, that he had the constitutional right as an indigent person not to be imprisoned for debt. See *Tate v. Short,* 401 US 395 (1971); *Williams v. Illinois,* 399 US 235 (1970) and *Bearden v. Georgia,* 461 US 660 (1983). Defendant did not knowingly and intelligently waive his constitutional right not to be imprisoned for debt because he did not know that he had such a right. See *Johnson v. Zerbst,* 304 US 458 (1938).

☒ *New Evidence.* New evidence material to the defense has been discovered and become available since trial. That evidence is set forth by affidavit in Exhibit "___", which is attached hereto and incorporated by reference.

**RIGHT TO APPEAL** *(Rule 41, Texas Rules of Appellate Procedure).* Good cause exists for the Trial Court to grant permission for Defendant to appeal his conviction and Defendant hereby moves for such permission. Defendant has never knowingly or intelligently waived his right to file post-conviction pleadings or to give notice of appeal. See *Johnson v. Zerbst,* 304 US 458 (1938). Any purported waiver of such a right was involuntary in that it was induced by the failure of Defendant's trial counsel to provide effective assistance.

**AFFIDAVITS (In lieu of Hearing).** Defendant requests the Court to decide the foregoing motions by affidavits.

**APPOINTMENT OF COUNSEL.** Defendant is indigent and without financial means to employ counsel and the interests of justice require the appointment of counsel other than Defendant's trial counsel. Defendant moves for the Court to appoint the counsel hereinafter named. The counsel consents to such appointment and is prepared to represent Defendant without unreasonable delay. See *Caplin & Drysdale v. U.S.,* 109 S.Ct. 2667 (1989) in support of an indigent person's right to be represented by counsel of his choice at public expense.

☒ ROSS TETER, Attorney at Law, 110 S. Market St., Dallas, TX 75202 (State Bar No. 19811000).

☐ _____

Respectfully submitted,

_August-12-91_
Date

*Brian Denard Davis* 9105 2476
DEFENDANT (and Inmate Identification Number)

_500 Commerce Street Dallas County Jail_
Address

_Dallas Texas 75202_
City, State, Zip

KINKEADE, Justice, concurring.

I concur in the majority's decision to affirm the trial court's judgment. I do not concur, however, with its analysis.

If a defendant wishes to appeal a *matter* that is nonjurisdictional in nature or that occurred prior to the entry of his plea, he must conform to the requirements of rule 40(b)(1) of the Texas Rules of Appellate Procedure. *Jones v. State,* 796 S.W.2d 183, 186 (Tex.Crim.App.1990); Tex.R.App.P. 40(b)(1). In its interpretation of *Jones* and rule 40(b)(1), the majority holds that the trial court's denial of the evidentiary hearing on the motion for new trial is a matter that occurred after the entry of the guilty plea. I disagree with that holding.

I believe the "matter" to which *Jones* refers is not the trial court's denial of the evidentiary hearing on the motion for new trial, but rather it is the substance of that motion. *See Jones,* 796 S.W.2d at 186. To hold otherwise would allow a defendant to circumvent the effect of *Jones.* Under the majority's opinion, a defendant who raised matters that occurred prior to the guilty plea and neglected to meet the notice requirements of rule 40(b)(1) could still obtain appellate review by merely filing a motion for new trial and raising those matters for the first time. This type of procedural maneuvering renders *Jones* and the notice requirements of rule 40(b)(1) meaningless.

Davis's motion for new trial raised certain alleged errors that occurred prior to the entry of Davis's guilty plea. My reading of Davis's motion shows that he must have known about these complaints prior to entering his plea. Rule 40(b)(1), therefore, mandated that Davis include in his notice of appeal a statement that the trial court granted him permission to appeal on those issues that occurred prior to the guilty plea. Because Davis's notice of appeal did not include this statement, he waived his right to appeal.