Samuel LeRoy SMITH, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–91–01264 through
05–91–01272–CR.

Court of Appeals of Texas,
Dallas.

April 30, 1993.

Discretionary Review Refused
Sept. 15, 1993.

Kerry P. Fitzgerald, for appellant.

Michael J. Sandlin, for appellee.

Before BAKER, LAGARDE and KINKEADE, JJ.

## OPINION

BAKER, Justice.

Samuel Leroy Smith pleaded guilty to nine separate cases of robbery and aggravated robbery. All the offenses had prior convictions alleged as enhancement paragraphs. Appellant pleaded true to the enhancement paragraphs. The trial court found him guilty. The court assessed a thirty-five year sentence in each case, with the sentences to run concurrently.

Appellant contends the trial court erred in accepting his guilty pleas because he did not enter them voluntarily under the United States and Texas Constitutions. He asserts the trial court did not properly admonish him about: (1) deportation consequences; (2) the nonbinding effect of the prosecutor's punishment recommendation; or (3) the range of punishment. Appellant contends the sentence imposing court costs is unconstitutional. Finally, he claims the evidence is insufficient to support the convictions.

The State challenges this Court's jurisdiction to consider the issues raised by appellant. We hold we have jurisdiction. We affirm the trial court's judgments.

## PROCEDURAL FACTS

Appellant pleaded guilty under a plea bargain agreement. When the trial court questioned him, appellant testified that he freely and voluntarily waived a jury trial. Appellant pleaded guilty to all charges. The trial court admonished appellant in writing. Appellant and his counsel signed an acknowledgment of these admonishments. Appellant said he understood the consequences of his guilty pleas. The trial court approved the plea bargain agreement and entered judgment according to its terms. The trial court denied a motion for

new trial. The notices of appeal do not state that appellant presented the matters he raises in a pretrial motion or that he obtained the trial court's permission to appeal.

## RIGHT TO APPEAL

■ In its counterpoint, the State contends appellant has no right to appeal. The State notes appellant pleaded guilty and the trial court sentenced him according to the plea bargain agreement. The State also notes appellant's preprinted notice of appeal does not state that appellant presented the matters he raises in a pretrial motion or that he obtained the trial court's permission to appeal. The State argues appellant had no right to appeal the voluntariness of his pleas.

We have already ruled adversely to the State's contention on this issue. *See Walker v. State*, 843 S.W.2d 716, 717 (Tex. App.—Dallas 1992, pet. ref'd); *Soto v. State*, 837 S.W.2d 401, 404 (Tex.App.—Dallas 1992, no pet.). We again reject the State's contention.

We also note that the issues of court costs, fines, and sufficiency of the evidence are matters that occur after entry of the guilty plea. Rule 40(b)(1) does not bar consideration of these issues. *See* TEX. R.APP.P. 40(b)(1); *Davis v. State*, 832 S.W.2d 356, 358 (Tex.App.—Dallas 1992, no pet.).

## ADMONISHMENTS AND ACCEPTANCE OF GUILTY PLEA

In his first point of error, appellant claims the trial court erred in accepting his plea of guilty in each case because they were not shown to be knowing and voluntary. He further claims that the acceptance violates article I, section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. In his second, third, and fourth points of error, appellant also claims the trial court did not properly admonish him about deportation consequences, the nonbinding effect of the prosecutor's punishment recommendation, and the range of punishment. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(4) (Vernon 1989).

## Applicable Law

■ The trial court shall not accept a plea of guilty or nolo contendere unless the plea is free and voluntary. TEX.CODE CRIM. PROC.ANN. art. 26.13(b) (Vernon 1989). However, when the record shows the court properly admonished a defendant, it presents a prima facie showing that the defendant entered a knowing and voluntary plea. *Soto*, 837 S.W.2d at 405. The burden then shifts to the defendant to show that he did not understand the consequences of his plea. *Soto*, 837 S.W.2d at 405. The purpose of article 26.13 of the Texas Code of Criminal Procedure is to assure the voluntariness of guilty pleas. *Johnson v. State*, 712 S.W.2d 566, 568 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Article 26.13 sets out the required admonishments:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court;

\*　　\*　　\*　　\*　　\*　　\*

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motion filed prior to trial; and

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon 1989).

■ Although the provisions of article 26.13 are mandatory, substantial compli-

ance with the statute is enough unless the accused shows that he entered his guilty plea without understanding the consequences of his action and that he suffered harm. TEX.CODE CRIM.PROC.ANN. art. 26.-13(c) (Vernon 1989); *Williams v. State*, 770 S.W.2d 81, 82 (Tex.App.—Dallas 1989, no pet.). We reverse a conviction without a harm analysis when the trial court does not substantially comply with the statute. *Whitten v. State*, 587 S.W.2d 156, 158 (Tex. Crim.App.1979). Thus, the existence of substantial compliance is the first inquiry in our analysis. *Whitten*, 587 S.W.2d at 158.

■ Substantial compliance does not require the trial judge to follow any particular form or procedure when admonishing the accused. *Williams*, 770 S.W.2d at 82. Admonishments may be given orally or in writing. TEX.CODE CRIM.PROC.ANN. art. 26.-13(d) (Vernon 1989). When admonishments are given in writing, the accused and his attorney must sign a statement showing that the accused understands the admonishments and is aware of the consequences of the guilty plea. TEX.CODE CRIM.PROC. ANN. art. 26.13(d) (Vernon 1989). Substantial compliance exists when the record shows that the trial judge admonished the accused either orally or in writing, even if the admonishments are incomplete or incorrect. *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex.Crim.App.1985); *Williams*, 770 S.W.2d at 82.

■ The admonishment on the range of punishment is material in every case. *See Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Crim.App.1980). The admonishments required by article 26.13(a)(2), (3), and (4) are material in only some cases. *Johnson*, 712 S.W.2d at 566. A showing that the trial court gave an admonishment on the range of punishment establishes substantial compliance unless the appellant shows the materiality of one or more of the other admonishments. *Johnson*, 712 S.W.2d at 568.

■ To reverse a conviction when the trial court substantially complies with article 26.13, the accused must show that he entered his plea without understanding the consequences of his action and that he suffered harm. *Ex parte Gibauitch*, 688 S.W.2d at 871; *Jamail v. State*, 574 S.W.2d 137, 140 (Tex.Crim.App.1978). An appellant's assertion he was misled does not suffice to show harm under article 26.13. *Myers v. State*, 780 S.W.2d 441, 445 (Tex. App.—Texarkana 1989, pet. ref'd). Instead, the accused must make known that he would not have pleaded guilty if the trial court had admonished him correctly. *Myers*, 780 S.W.2d at 445.

### Application of the Law

■ The record shows the trial court complied with article 26.13. The trial court questioned appellant on whether he voluntarily entered his guilty pleas. Appellant answered "yes." The record contains a plea bargain signed by appellant, his counsel, and the trial court. The record also contains a complete set of written admonishments, including an acknowledgment signed by appellant and his counsel. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(d) (Vernon 1989). Additionally, the record shows the trial court sentenced appellant according to the plea bargain agreement. We hold the admonishments the trial court gave complied with article 26.13.

■ We now determine whether appellant has affirmatively shown that he was unaware of the consequences of his plea and that he suffered harm. Appellant does not suggest the trial court's admonishments harmed or misled him. Appellant does not claim he was unaware of the consequences of his plea. He does not claim he would not have pleaded guilty but for the admonishments. No error occurred in this case because the trial court fully complied with article 26.13. We hold appellant voluntarily entered his pleas of guilty.

We further hold the trial court's acceptance of appellant's guilty pleas did not violate any of appellant's constitutional rights. *See Buckner v. State*, 538 S.W.2d 132, 134 (Tex.Crim.App.1976); *Casares v. State*, 478 S.W.2d 462, 465 (Tex.Crim.App. 1972). We overrule appellant's first, second, third, and fourth points of error.

75

## COURT COSTS

In his fifth point of error, appellant claims that the trial court erred by imposing court costs in each of the nine cases because he was indigent at the time of his pleas. He claims the imposition of costs violates: (1) the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, (2) the Due Process Clause of the Fifth Amendment to the United States Constitution, and (3) article I, section 3 of the Texas Constitution. In short, appellant complains he is confined because he did not pay these costs.

This Court recently held that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits the imprisonment of an indigent person for failure *immediately* to pay a fine.[1] *Shafer v. State*, 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd); *see Tate v. Short*, 401 U.S. 395, 398, 91 S.Ct. 668, 670–71, 28 L.Ed.2d 130 (1971). As in *Shafer*, appellant has not shown that he has completed his term of imprisonment. The punishment the trial court imposed in this case was within the authorized range for the offense appellant committed. *See* TEX.PENAL CODE ANN. §§ 12.32, 12.33, 12.42 (Vernon 1974).

The trial court pronounced sentence on August 15, 1991. Appellant has not shown that his term of confinement is over and that he is still in prison because he did not pay the court costs. *Compare Tate*, 401 U.S. at 398, 91 S.Ct. at 670–71 *with Doe v. Angelina County*, 733 F.Supp. 245, 252 (E.D.Tex.1990); *cf. Thompson v. State*, 557 S.W.2d 521, 525 (Tex.Crim.App.1977). As long as the costs are not the cause of appellant's *confinement*, we do not reach the issue of whether appellant's confinement for costs violates the due process and equal protection clauses of the state and federal constitutions as well as article I, sections 3 and 19 of the Texas Constitution. *See Walker*, 843 S.W.2d at 718. We overrule appellant's fifth point of error.

1. Court costs are analogous to fines.

## SUFFICIENCY OF THE EVIDENCE

In his sixth point of error, appellant claims that the evidence is insufficient to support his pleas of guilty. Following appellant's entry of his guilty pleas, the State introduced appellant's voluntary statement into evidence. Appellant testified in his own behalf. He admitted that he was guilty as charged in the indictment.

In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. Contrary to appellant's contentions, his sworn testimony and written stipulations are judicial confessions. *See Cevalles v. State*, 513 S.W.2d 865, 866 (Tex.Crim.App.1974); *Davenport v. State*, 858 S.W.2d 1, 3 (Tex. App.—Dallas 1993, no pet. h.). The defendant's sworn testimony that he is guilty as charged in the indictment, without elaboration, is enough to sustain the court's verdict of guilty. *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex.Crim.App.1980). We overrule appellant's sixth point of error.

We affirm the trial court's judgments.