Rambo v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-138-CR

     OZIE RAMBO,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the Criminal District Court No. 3
Dallas County, Texas
Trial Court # F93-63938-RJ
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Rambo appeals from his conviction for aggravated robbery for which he was
sentenced to twenty years in the Texas Department of Criminal Justice, Institutional Division.
      On September 16, 1993, Appellant waived a jury and entered an open plea of guilty to
aggravated robbery. The trial judge found the evidence sufficient to substantiate guilt and placed
Appellant on ten years deferred adjudication probation. On February 25, 1994, the State filed a
motion to adjudicate, alleging that Appellant violated the terms of probation by testing positive for
cocaine use. Appellant pled "true" to the allegation. The trial judge granted the State's motion
on March 23, found Appellant guilty of aggravated robbery, and sentenced him to twenty years
in prison.
      Appellant appeals on three points of error:
      Point one: "Appellant's plea was not voluntary since he was not admonished in accordance
with Texas Code of Criminal Procedure art. 42.12, § 5.
      Article 42.12, section 5(a), provides that a judge who places a defendant on deferred
adjudication probation shall inform him of the possible consequences of this type of probation as
set forth in subsection (b) which states:
"On violation of a condition of [probation] under subsection (a), the defendant may
be arrested and detained . . . . The defendant is entitled to a hearing limited to the
determination by the court of whether to proceed with an adjudication of guilt on the
original charge. No appeal may be taken from this determination. After an adjudication
of guilt, all proceedings, including assessment of punishment, supervision, and
defendant's appeal continue as if the adjudication of guilt had not been deferred.
(Emphasis added).
      At the September 16, 1993, hearing the judge advised Appellant he was charged with
aggravated robbery; that the penalty range for such was 5 to 99 years plus a fine up to $10,000;
that the court understood Appellant was giving up his right to a jury trial and entering an open plea
of guilty before the judge. Appellant responded, "yes, sir," and that he was doing this "freely and
voluntarily." The court then told Appellant, "by an open plea of guilty, we mean there is no
agreement as to punishment." The court then said: "By pleading guilty do you understand you're
giving up your right to appeal except on matters on file with the court?" Appellant replied: "Yes,
Sir."
      Appellant's signed judicial confession was admitted into evidence. The Appellant took the
stand and testified he was pleading guilty because he was guilty and for no other reason.
      The judge then stated: "The court accepts your plea. The court finds the evidence sufficient
to substantiate your guilt. The court defers further proceedings for a period of ten years and
places you on probation subject to the terms and conditions of probation. You're on deferred
adjudication probation. Here's how it works—you live out the deferred period you have no
conviction on your record for this offense. If you violate probation, you'll be brought back before
me and I'll be able to sentence you all the way to life and the maximum amount of fine. I'm not
saying I would do it, but I could. If I do you can't appeal that decision. Do you understand that?" 
Appellant replied: "Yes, Sir." (Emphasis added).
      Appellant is mistaken that he was not admonished that he could not appeal. He was told by
the judge, both before and after the judge accepted his plea of guilty, that he could not appeal.
      Assuming, without deciding, that the admonitions the trial judge gave Appellant were
insufficient, the fact remains that Appellant pled guilty on an open plea without an agreed plea
bargain. He waived his right to trial by a jury and then pled guilty to aggravated robbery. The
trial judge then determined he was pleading guilty only because he was guilty, and informed him
of the range of punishment.
      At the time Appellant pled guilty he was unaware the judge would place him on deferred
adjudication probation. He pled guilty without an agreed recommendation and understood the full
range of punishment available to the court. Yet he pled guilty anyway. If at this point the judge
had given Appellant straight probation or penitentiary time, he would have complied with all the
admonishments required for a guilty plea. Yet because he gave probation, Appellant contends
article 42.12, § 5, requires the further specific admonishment that there is no right to appeal a
decision to adjudicate.
      When Appellant pled guilty he was not aware he would receive the benefit of deferred
adjudication probation. The plea that was voluntary minutes before did not become involuntary
simply because the judge gave Appellant the unexpected gift of deferred adjudication.
      Point one is overruled.
      Point two: "Appellant was not properly admonished of his appellate remedies in accordance
with Texas Code of Criminal Procedure art. 26.13."
      Although Appellant asserted under his point one that the admonishments the court gave him
were pursuant to article 26.13, but were insufficient to meet the requirements of article 42.12, §
5, he now asserts: (1) he was not given the information required by article 26.13(a)(3) regarding
the limited right to appeal convictions resulting from plea bargains and (2) he was not admonished
at all at the adjudication hearing prior to acceptance of his plea of "true."
      As discussed under point one, Appellant was given the admonishments required under article
26.13. Moreover, since there was no plea bargain and Appellant entered an open plea, the
admonishments in article 26.13(a)(3) are not material where there is no plea bargain agreement
as to punishment. Johnson v. State, 712 S.W.2d 566, 568 (Tex. App.—Houston [1st Dist.] 1986).
      As to Appellant's complaint about the lack of admonishments at the adjudication phase prior
to accepting his plea of "true," the court was not required to give article 26.13 admonishments
before that plea was accepted. Appellant was properly admonished before his plea of guilty was
accepted on September 16, 1993, and the judge was not required to re-admonish him at the later
adjudication hearing.
      Point two is overruled.
      Point three: "The evidence is insufficient to support the trial court's affirmative finding that
a deadly weapon was used in the commission of the offense."
      Appellant signed a confession in which he judicially confessed that he committed the offense
of aggravated robbery exactly as alleged in the indictment. The indictment states, "and the
defendant did then and there use and exhibit a deadly weapon, to-wit, a knife." (Emphasis
added). Appellant contends evidence over and above a judicial confession is required before a trial
court can find that a knife is a deadly weapon because not all knives per se are deadly weapons.
      A judicial confession which tracks the language of the indictment standing alone is sufficient
to support a conviction based on a guilty plea. Johnson v. State, 722 S.W.2d 417, 422 (Tex.
Crim. App. 1987); Edwards v. State, 835 S.W.2d 660, 664 (Tex. App.—Dallas 1993).
      Point three is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 28, 1995
Do not publish