Dismissed and Opinion filed August 22, 2002









Dismissed and Opinion filed August 22, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-00188-CR;

       
14-02-00189-CR

____________

 

BRUCE EARL FEATHERS, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
122nd District Court

Galveston County, Texas

Trial Court Cause
No. 01CR1468 & 01CR1469

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
pled guilty to the offenses of aggravated sexual assault of a child and
indecency with a child on February 7, 2002. 
In accordance with the terms of plea bargain agreements with the State,
the trial court sentenced appellant in each cause on February 7, 2002, to eight
years= confinement in the Texas Department
of Criminal Justice, Institutional Division. 
Because we have no jurisdiction over these appeals, we dismiss.  








To
invoke an appellate court=s jurisdiction over an appeal, an appellant must give timely
and proper notice of appeal.  White v. State, 61 S.W.3d 424, 428 (Tex. Crim.
App. 2001).  Appellant filed
timely general notices of appeal that did not comply with the requirements of
Rule 25.2(b)(3) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 25.2(b)(3).  Rule 25.2(b)(3)
provides that when an appeal is from a judgment rendered on a defendant=s plea of guilty or nolo contendere and the
punishment assessed does not exceed the punishment recommended by the State and
agreed to by the defendant, the notice of appeal must:  (1) specify that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised
by written motion and ruled on before trial; or (3) state that the trial court
granted permission to appeal.  Id.  

On April
26, 2002, appellant filed amended notices of appeal, specifying that he
intended to challenge the trial court=s denial of his motions for new trial
regarding the voluntariness of his plea in each
cause.  Appellant argued in his amended
notices that Cooper v. State, 45 S.W.2d 77 (Tex. Crim.
App. 2001) contemplates appealing from the denial of a motion for new trial
because it mentions that a motion for new trial is a proper vehicle for
challenging the voluntariness of the plea.  In his brief on appeal, appellant claims the
denial of his motions for new trial occurred post-judgment and the denial is
therefore, appealable.  

In
support of his argument, appellant cites Davis v. State, 832 S.W.2d 356
(Tex. App.BDallas 1992, no pet.).  Davis held that, even if an appellant
fails to include the grounds of appeal from rule 40(b)(1)
[now 25.2(b)(3)], an appellate court may nonetheless consider error occurring
after entry of the guilty plea, such as denial of a motion for new trial.  Id., at 358.  The dissenting opinion noted that the
majority holding allowed Aprocedural maneuvering@ and rendered the notice requirements
of rule 40(b)(1) meaningless.  Id. at 360 (Kinkeade, J., dissenting).








We
disagree with the majority holding in Davis. 
In State v. Riewe, 13 S.W.3d 408,
413 (Tex. Crim. App. 2000), the Court of Criminal
Appeals observed that, Aonce jurisdiction is lost, the court of appeals lacks the power
to invoke any rule to thereafter obtain jurisdiction.@ 
The court cited to Jones v. State, 796 S.W.2d 183, 186-87 (Tex. Crim. App. 1990), in which the court held that a defendant
who had filed a general notice of appeal could not later amend the notice of
appeal because the jurisdiction of an appellate court cannot be retroactively
obtained.  

This
court has followed Riewe in Betz v. State,
36 S.W.3d 227 (Tex. App.BHouston [14th Dist.] 2001, no
pet.).  In Betz, this court held
that, because the appellant=s original notice of appeal failed to invoke our
jurisdiction, this court had no jurisdiction and an amended notice of appeal
could not retroactively create jurisdiction. 
Id. at 229.

Appellant
contends that Riewe is distinguishable from
the instant case because Riewe  was a State appeal
in which the State attempted to amend its notice of appeal after the State=s brief had been filed.  We do not find this distinction
determinative.  Although the State in Riewe did file its amended notice of appeal late,
the Court of Criminal Appeals did not base its holding on the timeliness of the
amendment.  Instead, the court held that
the State=s original notice of appeal failed to
invoke the appellate court=s jurisdiction and jurisdiction, once lost, could not be
retroactively obtained by the filing of an amended notice.  13 S.W.3d at 413.

Appellant
further argues that, although Cooper appears to preclude appeals from
guilty pleas, it impliedly permits appeals from the denial of a motion for new
trial because it notes that a motion for new trial is one of the vehicles
available for litigating claims of involuntary pleas of guilty.  Cooper does state that meritorious
claims of involuntary pleas may be raised by motion for new trial and habeas
corpus.  45 S.W.3d at
82.  Nonetheless, we do not
construe this statement to mean that an appellant may sidestep the court=s holding that, under Rule 25.2(b), an
appellant may not challenge the voluntariness of the
plea.  See id. at
83.  Here, appellant attempts to
circumvent Cooper by challenging the denial of his motions for new
trial, which raised a claim of involuntariness of his plea.  








Because
appellant=s original notices of appeal did not
comply with the requirements of Rule 25.2(b)(3), we
are without jurisdiction to consider any of appellant=s issues, including the voluntariness of the plea. 
See Cooper, 45 S.W.2d at 83.  Appellant=s amended notices of appeal do not
retroactively invoke our jurisdiction.  See
Riewe, 13 S.W.3d at 413.

Accordingly,
we dismiss the appeals for want of jurisdiction.  

 

 

 

PER CURIAM

 

 

 

Judgment rendered and Opinion filed August 22, 2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.3(b).