NO. 12-03-00358-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
LARRY WAYNE STRICKLAND,                     §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                             
MEMORANDUM OPINION
            Larry Wayne Strickland appeals his conviction for transporting chemicals with intent to
manufacture a controlled substance, for which he was sentenced to imprisonment for twenty years. 
Appellant raises two issues on appeal. We affirm.
 
Background
            Appellant was charged by a two-paragraph indictment with possession of chemicals with
intent to manufacture a controlled substance and transporting chemicals with intent to manufacture
a controlled substance. Appellant waived his right to a trial by jury and pleaded “guilty” to the
offense of transporting chemicals with intent to manufacture a controlled substance. Although
Appellant had no plea bargain with the State, the State abandoned the enhancement paragraph
alleged in the indictment. After it admonished Appellant, both orally and in writing, the trial court
accepted Appellant’s plea and considered evidence on punishment. Following a hearing on
punishment, the trial court found Appellant guilty of transporting chemicals with intent to
manufacture a controlled substance and sentenced Appellant to imprisonment for twenty years. 
            Appellant filed a motion for new trial. Following a hearing on Appellant’s motion for new
trial, the trial court overruled Appellant’s motion. This appeal followed.
 
Voluntariness of Guilty Plea
            In his first issue, Appellant argues that the trial court erred in overruling his motion for new
trial because his guilty plea was involuntary. Specifically, Appellant argues that he was unaware that
he could not withdraw his guilty plea after his sentence was pronounced.
            A guilty plea by a defendant must be made freely and voluntarily. See Ex parte Evans, 690
S.W.2d 274, 276 (Tex. Crim. App. 1985). Before accepting a defendant’s plea of guilty, the trial
court must admonish the defendant either orally or in writing concerning the consequences of the
entry of such a plea. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004). The
purpose of such admonishments is to ensure that the defendant’s plea is made knowingly and
voluntarily. See Carranza v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998). The trial court
need only substantially comply with article 26.13(a). See Tex. Code Crim. Proc. art. 26.13(c)
(Vernon Supp. 2004).
            When the record shows the trial judge properly admonished a defendant, it presents a prima
facie showing that the defendant knowingly and voluntarily entered his guilty plea. See Smith v.
State, 857 S.W.2d 71, 73 (Tex. App.–Dallas 1993, pet. ref'd). Substantial compliance exists when
the record shows the trial judge admonished the defendant either orally or in writing, even if the
admonishments are incomplete or incorrect. See Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex.
Crim. App. 1985). Where substantial compliance is shown, the burden then shifts to the defendant
to show he lacked understanding of the consequences of his plea and was harmed as a result. Id.
            In the case at hand, the record reflects that Appellant was admonished in writing in
accordance with the provisions of article 26.13(a). Appellant’s signature, as well as that of
Appellant’s attorney, appears on the written admonishment. The record further reflects that the trial
court orally admonished Appellant as follows:
 
              THE COURT:                   You understand, sir, that if I accept your plea
bargain agreement you’re bound by the terms
of your plea bargain agreement?
 
MR. STRICKLAND:Yes, sir.
 
              THE COURT:                   Now, as I understand it, there are no terms of
your plea bargain agreement, you’re going to
enter a plea of guilty and then it’s going to be
up to me to determine your punishment?
 
              MR. STRICKLAND:        Yes, sir.

              ....
 
              THE COURT:                   If I accept your plea bargain agreement, then
the range of punishment is two to twenty years
– probation?
 
              [PROSECUTOR]:             He can get probation from the Court, yes, sir.
 
              THE COURT:                   And you can probate up to ten years or as little
[as] two years, do you understand that; so the
range of punishment really is two to ten
probated or two to twenty hard?
 
              MR. STRICKLAND:        Yes, sir.
 
              THE COURT:                   Do you understand that?
 
              MR. STRICKLAND:        Yes, sir.
 
              THE COURT:                   All right. Having understood that, do you
understand that you’re waiving your right to a
jury trial, you’re waiving the right to contest
your guilt or innocence, you’re waiving your
right to put forward any evidence, you’re
waiving your right to appeal, you’re waiving
any defect in the paperwork, and if there’s any
other right that you can think of that would
avoid the imposition of the sentence that I will
impose, you’re waiving that also?
 
              MR. STRICKLAND:        Yes, sir, I do.
 
              THE COURT:                   All right. Having understood that, Counsel –
have you ever been treated for any mental
illness?
 
              MR. STRICKLAND:        No, sir.
 
              THE COURT:                   Are you a citizen of the United States?
 
              MR. STRICKLAND:        Yes, sir.
 
              THE COURT:                   Counsel, tell me two things: Number one, has
he been able to assist you in the development
of a defense of his case; number two, does he
understand the nature, extent, and
ramifications of his plea bargain agreement?
 
              [DEFENSE COUNSEL]:  Yes, to both of those, Your Honor.


We conclude that the record supports that the trial judge properly admonished the defendant; ergo,
the defendant knowingly and voluntarily entered his guilty plea.
            However, Appellant contends that his plea was not voluntary because he believed that if the
trial court did not grant him community supervision, he could withdraw his guilty plea and proceed
to a jury trial. Further, Appellant argues that had he known the nature of his plea, and the
consequences thereof, he would have asserted his right to a jury trial. Yet, considering the
aforementioned exchange between Appellant and the trial court, it is apparent that Appellant’s belief
that he could withdraw his plea was not founded on any representation to Appellant by the trial court. 
Indeed, Appellant testified at the hearing on his motion for new trial that neither his attorney nor the
court told him that he could withdraw his plea. Moreover, the record plainly reflects that the trial
court explained to Appellant that he was waiving his right to a jury trial. Furthermore, Appellant’s
counsel testified at the hearing on Appellant’s motion for new trial that he advised Appellant that
if Appellant made an open plea of guilty, Appellant would not be allowed to later withdraw such a
plea.
            The rule that a plea must be intelligently made to be valid does not, in order to be violated,
require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant
factor entering into his decision. See Brady v. United States, 397 U.S.742, 756-57, 90 S. Ct. 1463,
1473, 25 L. Ed. 2d 747 (1970). Here, the record reflects that Appellant’s belief that he could later
withdraw his guilty plea was based on Appellant’s experience in a 1989 criminal matter. Such a
belief is in direct contrast to the admonishment given to Appellant by the trial court and the express
advice of Appellant’s trial counsel. We hold that Appellant’s unfounded belief cannot serve to meet
his burden to overcome the prima facie showing that Appellant made his guilty plea both freely and
voluntarily. Appellant’s first issue is overruled.
 
 
Ineffective Assistance of Counsel
            In his second issue, Appellant argues that he received ineffective assistance of counsel. 
Specifically, Appellant contends that his trial counsel was ineffective because (1) he did not explain
the difference in an open plea of guilty and a plea-bargained plea of guilty, and (2) he did not explain
to Appellant that he was pleading guilty to all elements of the indicted offense.
            The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:
 
              1.           Did the attorney’s performance fail to constitute “reasonably effective assistance,” i.e., did the defense
attorney’s representation fall below an objective standard of reasonableness under prevailing
professional norms? 
 
              2.           If so, was there a reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceedings could have been different?


See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 
            In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal
to evaluate whether trial counsel provided ineffective assistance); Phetvongkham v. State, 841
S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to
evaluate ineffective assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.
–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other
cases with inadequate records to support ineffective assistance claim). A record that specifically
focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness
claim. See Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).
            After proving error, the appellant must affirmatively prove prejudice. See Burruss v. State,
20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref’d). The appellant must prove that his
attorney's errors, judged by the totality of the representation and not by isolated instances of error,
denied him a fair trial. Id. It is not enough for the appellant to show that the errors had some
conceivable effect on the outcome of the proceedings. Id. He must show that there is a reasonable
probability that, but for his attorney’s errors, the jury would have had a reasonable doubt about his
guilt. Id.  
            In the case at hand, assuming arguendo that Appellant could satisfy the first prong of the
Strickland test, Appellant must, nonetheless, affirmatively prove prejudice. See Burruss, 20
S.W.3d at 186. It is not enough for the appellant to merely show that the errors had some
conceivable effect on the outcome of the proceedings. Id. 
            In his brief, Appellant argues as follows:
 
Appellant argues that trial counsel’s failure to fully advise his client of the terms of the plea and
consequences thereof was so harmful that the entire plea process was rendered involuntary, and but
for such failure of counsel, Appellant would have presented his defense to a jury and the result would
h[a]ve been Appellant’s acquittal.


We have concluded that Appellant’s plea was made both freely and voluntarily. Furthermore,
Appellant’s conclusory statement that had he presented his defense, a jury would have acquitted him,
does not satisfy his burden under Strickland. To satisfy his burden, Appellant must show that there
is a reasonable probability that, but for his attorney’s errors, the jury would have had a reasonable
doubt about his guilt. See Burruss, 20 S.W.3d at 186. We iterate that the burden of proof as to this
issue rests squarely upon Appellant. Id. As such, we will neither surmise nor devise our own
conclusions absent some cogent argument on Appellant’s behalf that but for his counsel’s alleged
unprofessional errors, there exists a reasonable probability that the result of the proceedings would
have been different. Appellant’s general assertion that he would be acquitted does not suffice. As
Appellant has failed to satisfy his burden under Strickland, we hold that Appellant has not
demonstrated that he received ineffective assistance of counsel. Appellant’s second issue is
overruled.
 
Conclusion
            Having overruled Appellant’s issues one and two, we affirm the judgment of the trial court.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice



Opinion delivered August 18, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


























(DO NOT PUBLISH)