### Elbert Gipson v. The State.

No. 398. Decided March 2, 1910.

**1.—Local Option—Continuance.**

Where, upon trial of a violation of the local option law, defendant's second application for continuance did not state that the facts expected to be proven by the absent witness could not be proved from any other source, and it further appeared that the same was of an impeaching character and the same facts were shown by other witnesses, there was no error in overruling same.

**2.—Same—Remarks by Judge—Bill of Exceptions.**

Where, upon appeal from a conviction of a violation of the local option law, the record did not show that the alleged remarks by the judge, with reference to one of defendant's witnesses, was heard by the jury, there was no error.

**3.—Same—Evidence—Orders of Commissioners' Court.**

Where, upon appeal from a conviction of a violation of the local option law, it appeared that there was no contest pending as to the local option law' election as provided for by law, the trial court did not err in admitting in evidence the orders of the Commissioners' Court, showing that prohibition was in effect.

**4.—Same—Reforming Judgment—Practice on Appeal.**

Where it appeared from the record on appeal, that the jury had assessed the appellant's punishment at a fine and confinement in the county jail, and the judgment below did not recite the fact of such confinement in jail, the same on motion of the Assistant Attorney-General is reformed so as to conform to the verdict of the jury.

Appeal from the County Court of Rusk. Tried below before the Hon. S. J. Hendrick.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is a conviction for a violation of the local option law with a penalty of twenty-five dollars and twenty days in jail.

Appellant made an application for a continuance in the court below for the want of the testimony of Flora Pollard, by whom, it is shown, he expected to prove that at more than one time at the home of witness and more than one time at the homes of Alice Lewis, wife of the prosecuting witness, Alex Lewis, the witness heard a conversation between prosecuting witness and his divorced wife, Alice Lewis, in which prosecuting witness agreed with the said Alice Lewis that if it would satisfy her he would make a complaint against the defendant, but at all times stated that he had not bought any whisky from defendant, and that these conversations took place when no one was present but Flora Pollard, the prosecuting witness, Alex Lewis, and Alice Lewis. It may be conceded that the application shows diligence. This was the second application for a continuance. The qualification to the bill of exceptions overruling the motion for continuance, by the judge, states that the application was made orally and that the appellant stated that the witness Flora Pollard heard the conversation mentioned and that other witnesses were present at the time. One of the requisites of an application for a continuance is that the facts expected to be proven by the absent witness can not be proved by any other source known to the applicant. Now, if this conversation was had in the presence of the other witnesses, Andrew Bell and Van Pollard,

then he was able to prove it by other witnesses and he would not be entitled to a continuance.

On the trial of the case appellant placed several witnesses on the stand, to wit: Bud Biggers, Bob Malone, Nancy Reese and Andrew Bell, all of whom testified that they were present at Van Pollard's house and that Flora Pollard was present and that they heard prosecuting witness say to Alice Lewis that appellant had never sold him any whisky. When the judge's explanation, with the statement of facts, are taken together it will be seen that the same facts were proven by other witnesses, and, therefore, being a second application for continuance it was addressed to the discretion of the court and was properly overruled. Also upon another ground, and that is, the object and purpose of the testimony was to impeach the State's witness, Alex Lewis, by proving statements contradictory to what he testified on the witness stand. A continuance is never permissible to secure testimony for impeaching purposes. We, therefore, hold the court below did not err in refusing to grant a continuance. The application was made for a continuance, as before stated, for the witness Flora Pollard.

We find in the record bill of exceptions No. 2, which complains that the court, in overruling the application, stated in the presence and hearing of the jury that the witness Flora Pollard and Andrew Bell had run away together. It is claimed that this statement was prejudicial to appellant because Andrew Bell was a material witness for the defense and that the same would have a tendency to discredit said Bell before the jury. The court states in his qualification to this bill that the remark was made to the clerk, Mr. Smith, while the judge was on the bench, and not to the jury, and that he does not think the jury heard the remark, as it was not intended for them. In the absence of an affidavit that the jurors heard the remark or in some way showing that this remark got to the jury, was heard by them and in some way affected their verdict, or that they considered same in discrediting the witness Bell, we are inclined to think that the bill of exceptions is without merit.

The other bills of exceptions relate to the orders of the Commissioners Court putting prohibition in effect. These can not now be considered, as they show prohibition has been in effect in that county for several years and no contest has been made or is pending.

We have examined the record, and finding no error of a prejudicial character, the judgment is in all things affirmed.

*Affirmed.*

### ON REHEARING.

#### March 2, 1910.

McCORD, JUDGE.—At a former day of this term the judgment of the lower court in this case was affirmed. The State, through her Assistant Attorney-General, has filed a motion to set aside the judgment of affirmance and that the judgment of the trial court be reformed,

and the case then be affirmed. An inspection of the record will show that the jury assessed the appellant's punishment at a fine of $25 and twenty days in jail. The judgment of the court below, as found in the record, after reciting the verdict of the jury, stated: "It is therefore ordered, adjudged and decreed by the court that the State of Texas do have and recover of the defendant, Elbert Gipson, said fine of $25 and all costs for which let execution issue." The judgment being incomplete, the State's motion to set aside the affirmance is granted and the judgment is here reformed to read as follows:

State of Texas
    v.         } No. 3088.
Elbert Gipson.

This day this cause was called for trial, and the State by her attorney and the defendant in person both announced ready for trial, and the defendant, Elbert Gipson, pleaded himself not guilty to the information filed herein, and a jury, to wit: J. A. Alexander and five others was duly selected, impaneled and sworn, who having heard the information read, and the defendant's plea of not guilty hereto, and having heard the evidence submitted, and having been duly charged by the court, retired to consider of their verdict and afterwards returned into open court in due form of law, the following verdict, which was received by the court and is here now entered upon the minutes, to wit: We, the jury, find the defendant, Elbert Gipson, guilty and assess his punishment at a fine of $25 and twenty days in the county jail and all costs of this suit.

J. A. Alexander, Foreman.

It is therefore ordered, adjudged and decreed by the court that the State of Texas do have and recover of the defendant, Elbert Gipson, the sum of $25 and all costs of suit for which the State may have its execution. And it is further ordered, adjudged and decreed by the court that the defendant be confined within the county jail for the period of twenty days, as was determined by the jury, and that the defendant be remanded to the custody of the sheriff to serve out said term of imprisonment and until he shall pay the fine and costs adjudged against him.

Such judgment having been reformed, the same is hereby affirmed.

*Reformed and affirmed*