HARRY WATERS, *alias* JACOB LUBETKIN V. THE STATE.

No. 20300. Delivered May 3, 1939.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for swindling in amount less than $50.00; penalty assessed at 730 days in the county jail.

Appellant was charged with swindling by means of a worthless check in the sum of $19.95.

The judgment entered in the case follows:

"WEDNESDAY, JULY 20TH, A. D. 1938.

"THE STATE OF TEXAS                          )
 7465      VS.                               )
HARRY WATER, *alias* JACOB LUBETKIN.)

"Entered as of July 11th, 1938
"Charge   Check Swindling (Under)

"On this day came on to be heard the above entitled and numbered cause and came the State of Texas by her Criminal District Attorney and the defendant in person and by his attorney, and both sides announced ready for trial. The defendant waived a jury, and plead not guilty. The Court having

heard the information read, the defendant's plea of not guilty thereto, the evidence and argument of counsel, is of the opinion that the defendant is GUILTY, and assess his punishment at 730 days in the County Jail, and all costs incurred in this case. It is therefore ordered, adjudged, and decreed by the Court that the defendant, HARRY WATERS, *alias* JACOB LUBETKIN, be remanded to the custody of the Sheriff of Dallas County, Texas, and that he remain there until all of such costs are paid, and his term of 730 days has expired.

"(Signed) Winter King, Judge."

The only point made upon appeal is that the judgment was defective to the extent of not being a final judgment. It is incomplete. Art. 847, C. C. P., vests this court with power to reform and correct judgments. It is said in 4 Tex. Jur., Sec. 422, p. 601: "Although there is confusion in the earlier decisions, under this statute the rule has become settled that, when the necessary data appear in the record, the Court of Criminal Appeals may reform and correct an irregular judgment or sentence of the trial court—indeed, it has been said that there is a mandatory duty to do this. Thus the court may, when necessary to correct a judgment, insert matters which were omitted therefrom, or, if the necessary data are available, it may, in some cases, enter judgment where the trial court has failed to do so."

Under the authority of McCorquodale v. State, 54 Tex. Cr. R. 344, 98 S. W. 879; Robinson v. State, 58 Tex. Cr. R. 550, 126 S. W. 276; Gipson v. State, 58 Tex. Cr. R. 403, we think it clear that this court has authority under the record to reform the judgment which is accordingly done to make it read as follows:

"WEDNESDAY, JULY 20TH, A. D. 1938.

"THE STATE OF TEXAS )
7465    VS.    )
HARRY WATER, *alias* JACOB LUBETKIN.)

"Entered as of July 11th, 1938

"Charge   Check Swindling (Under)

"On this day came on to be heard the above entitled and numbered cause and came the State of Texas by her Criminal District Attorney and the defendant in person and by his attorney, and both sides announced ready for trial. The defendant waived a jury, and plead not guilty. The Court having heard the information read, the defendant's plea of not guilty thereto, the evidence and argument of counsel, is of the opinion that the defendant is GUILTY," as charged in the information, and he is therefore adjudged to be guilty of the offense of

swindling and his punishment is assessed at 730 days' confinement in the county jail. It is therefore considered, ordered and adjudged by the Court that the State of Texas do have and recover of the said defendant, Harry Waters, alias Jacob Lubetkin, all costs of this prosecution for which execution may issue, and the said defendant being now present in court, is committed to the custody of the sheriff, who shall confine him in jail of this, Dallas County, for 730 days from this date and until said costs are paid.

As reformed, the judgment is affirmed.