**Bill STEVENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35951.**

Court of Criminal Appeals of Texas.

June 26, 1963.

Rehearing Denied Oct. 16, 1963.

McCarthy, Carnahan, Fields & Haynes, by O. P. Fields, Jr., Amarillo, for appellant.

John B. Reese, City Atty., Amarillo, and Leon B. Douglas, State's Atty., of Austin, for the State.

WOODLEY, Presiding Judge.

The offense is vagrancy; the punishment, $200 fine.

 The judgment appearing in the transcript is shown to have been on a plea of guilty before the court, hence the question of the sufficiency of the evidence to sustain the conviction is not before us.

Since the case was argued on appeal a supplemental transcript has been received which shows that by agreement of counsel the judgment has been reformed and corrected by the filing of a judgment upon the finding of a jury on a plea of not guilty.

The trial court is without authority to correct or reform the judgment entered while the appeal is pending in this Court.

In view of the condition of the record we deem it proper to dismiss the appeal for want of a proper judgment, rather than to affirm the conviction upon what is agreed to be a judgment not pronounced by the trial court.

The appeal is dismissed.

ON MOTION FOR REHEARING

BELCHER, Commissioner.

It is insisted that this Court has the authority to correct or reform the judgment herein to show that it was on a plea of not guilty instead of a plea of guilty.

A similar contention was considered in Parker v. State, Tex.Cr.App., 336 S.W.2d 431, where, by a supplemental transcript, it was shown that the trial court had ordered a corrected judgment entered nunc pro tunc reciting that appellant had entered a plea of not guilty. In Parker we declined to consider the supplemental transcript and to order the entry of the corrected judgment nunc pro tunc during the pendency of the appeal.

The motion for rehearing is overruled.

Opinion approved by the Court.