**Affirmed as Modified and Majority Opinion and Concurring and Dissenting Opinion filed October 27, 2020.**



In the

# Fourteenth Court of Appeals

## NO. 14-19-00268-CR

### JOSE GUADALUPE CARMONA, Appellant

### v.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1532290**

## CONCURRING AND DISSENTING OPINION

This case, which touches on a complex array of topics including the manner in which criminal judgments are handled in Texas trial courts, the scope of the State's right to appeal those judgments, and what the defendant and State can (and should) do when they disagree with some aspect of the trial court's judgment, ultimately raises significant and troubling questions concerning the appellate court's authority to use the Texas Rules of Appellate Procedure to "correct errors" in the trial court's judgment.

First, does Texas Rule of Appellate Procedure 43.2(b), which allows this court to "modify the trial court's judgment and affirm it as modified," permit this court to address an unpreserved and unbriefed issue of legal sufficiency, and "un-find" and delete a finding of the trial court based on its inherent powers to correct clerical errors?

Second, does Texas Rule of Appellate Procedure 43.6, which provides for "Other Orders," create a seventh type of judgment that is not included in the list of six "Types of Judgments" in Rule 43.2? If there is a seventh type of judgment that allows this court to render any appropriate judgment that the law and the nature of the case require, then why did the Court of Criminal Appeals bother to identify six specific types of judgments? The law requires this court to presume that all parts of the Texas Rules of Appellate Procedure are intended to be effective and that none is rendered meaningless, yet the court uses Rule 43.6 as a tool to render a novel appellate judgment that "fixes" the trial-court judgment for the State when the State has not shown reversible error on what appears to be a legal-sufficiency challenge.

With minimal briefing that neither addresses whether error preservation is required, nor presents a legal-sufficiency issue, the State asks this court to sustain its cross-point and delete a finding by the trial judge. The State does not ask this court to reverse the trial court's judgment in part regarding the finding based on legal sufficiency and render the judgment that the trial court should have rendered on the finding. Tex. R. App. P. 43.2(d). Instead, the State asks this court to use Rule 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified . . . ."). Does Rule 43.2(b) allow a path around traditional legal-sufficiency review to achieve the same result of altering the trial court's judgment "to speak the truth" and delete the finding? While the court ultimately

2

relies on Rule 43.2, it is obviously squeamish about that path, and sua sponte turns to Rule 43.6 ("The court of appeals may make any other appropriate order that the law and the nature of the case require.") to further justify deleting the finding. Is Rule 43.6 the door to a seventh type of judgment?

Because (1) Rule 43.2(b) is not a substitute for determining legal sufficiency and (2) the plain language of Rule 43.6 means what it says,[1] i.e., that an appellate court may make an order *other than* the six permissible types of judgments (such as an order abating the appeal and remanding the case to the trial court for the limited purpose of conducting a *Faretta* hearing),[2] I respectfully dissent from the portion of this court's judgment that deletes the finding; I otherwise concur in the remainder of this court's judgment.

## I.    ANALYSIS

### A.    The State's cross-point

The State brings a cross-point and cites to the following language in the trial court's judgment:

> APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED.
>
> THE COURT FINDS THAT AT THE TIME OF THE OFFENSE, DEFENDANT WAS YOUNGER THAN NINETEEN (19) YEARS OF AGE AND THE VICTIM WAS AT LEAST THIRTEEN (13) YEARS OF AGE. THE COURT FURTHER FINDS THAT THE

---

[1] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[2] *Faretta v. California*, 422 U.S. 806 (1975). There are other examples of proceedings the court of appeals could order, and the scope of the Rule 43.6 order is not limited to an ancillary proceeding.

Perhaps it is necessary to state what is obvious: All judgments are orders, but not all orders are judgments. It is therefore evident from the heading "Types of Judgments" followed by the heading "Other Orders" that in a Venn diagram these two sets do not intersect. This is not an absurd result, so the plain meaning of Rule 43.2 and Rule 43.6 should control under *Boykin*, 818 S.W.2d at 785.

CONVICTION IS BASED SOLELY ON THE AGES OF DEFENDANT AND THE VICTIM OR INTENDED VICTIM AT THE TIME OF THE OFFENSE. TEX. CODE CRIM. PROC., ART. 42.017.[3]

The State's cross-point challenges both (1) the holding that the appeal has been waived and (2) the trial judge's finding for purposes of Code of Criminal Procedure articles 42.017 and 62.301. *See* Tex. Code Crim. Proc. Ann. arts. 42.017[4], 62.301[5] (affirmative fact findings required for exemption from registration

---

[3] Here is the State's three-paragraph argument after stating its cross-point:

(CR – 181) *See* Tex. Code Crim. Proc. art. 42.017 (in the trial of an offense under Texas Penal Code Section 21.11, the judge shall make, and enter in the judgment, an affirmative finding of fact if the judge determines that: (1) at the time of the offense, the defendant was not more than four years older than the victim or intended victim and the victim or intended victim was at least 15 years of age; and (2) the conviction is based solely on the ages of the defendant and the victim or intended victim at the time of the offense); Tex. Code Crim. Proc. art. 62.301 (person required to register under Chapter 62 may petition for an exemption from sex-offender registration if the person is required to register only as the result of a single reportable conviction and the court has entered in the judgment an affirmative finding described by Article 42.017).

These findings are contrary to the record. The certification states that appellant's is not a plea-bargain case, and he has the right of appeal. (CR – 185) The evidence at trial established that the complainant was born in 2004, she would have been seven years old in 2011, and she was around ten years old when she disclosed appellant's abuse in 2014. (RRIII – 143; RRIV – 110–11; RRV – 82) Appellant was born in 1975 and he would have been in his thirties between 2011 and 2014. (RRV – 17–18) *Garza v. State*, No. 07-15-00444-CV, 2016 WL 7634468, at *2 (Tex. App.—Amarillo Dec. 28, 2016, no pet.) (mem. op.) (victim's age precluded defendant from being eligible for sex-offender-registration exemption under article 42.017).

This Court may modify a trial court's judgment and affirm it as modified. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); Tex. R. App. P. 43.2(b). Therefore, this Court should modify the judgment to delete the abovementioned special findings.

The State does not argue that Texas Rule of Appellate Procedure 43.6 applies to this court's judgment.

[4] Code of Criminal Procedure article 42.017 states:

FINDING REGARDING AGE-BASED OFFENSE. In the trial of an offense

4

for certain young adult sex offenders). The State requests that this court delete these "findings" for being "contrary to the record," and this court sustains the cross-point.

## B. *Asberry*/*French* "speak the truth" modification

Our authority to correct clerical errors in the judgment (a judgment nunc pro tunc) without preservation of error in the trial court as normally required by Texas Rule of Appellate Procedure 33.1(a) or presentation of error by an issue on appeal by Rule 38.1(f) derives from our discretion to modify the judgment to "make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (Onion, J., retired presiding judge of Court of

under Section 21.11 or 22.011, Penal Code, the judge shall make an affirmative finding of fact and enter the affirmative finding in the judgment in the case if the judge determines that:

(1) at the time of the offense, the defendant was not more than four years older than the victim or intended victim and the victim or intended victim was at least 15 years of age; and

(2) the conviction is based solely on the ages of the defendant and the victim or intended victim at the time of the offense.

[5] Code of Criminal Procedure article 62.301 states in part:

EXEMPTION FROM REGISTRATION FOR CERTAIN YOUNG ADULT SEX OFFENDERS. (a) If eligible under Subsection (b) or (c), a person required to register under this chapter may petition the court having jurisdiction over the case for an order exempting the person from registration under this chapter at any time on or after the date of the person's sentencing or the date the person is placed on deferred adjudication community supervision, as applicable.

(b) A person is eligible to petition the court as described by Subsection (a) if:

(1) the person is required to register only as a result of a single reportable conviction or adjudication, other than an adjudication of delinquent conduct; and

(2) the court has entered in the appropriate judgment or has filed with the appropriate papers a statement of an affirmative finding described by Article 42.017 or 42A.105(c).

5

Criminal Appeals, sitting by designation and writing en banc court's opinion). In a criminal case, Rule 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified") and its predecessors function in part as a means for the appellate court to render judgment nunc pro tunc when the written judgment does not reflect what occurred in open court at trial.[6]

In *Asberry*, the jury found the defendant guilty of murder and that the defendant had used or exhibited a deadly weapon during the commission of the offense. In orally imposing sentence the trial court included the affirmative deadly-weapon finding. The judgment, however, contained the entry "no findings" as to "Finding On Use of Deadly Weapon." 813 S.W.2d at 529. The State did not object at trial.

Because the Court of Criminal Appeals adopted the reasoning of the opinion of Presiding Judge Onion, who was sitting by designation with the Fifth Court of Appeals, the opinion is significant enough to quote at length:

> This court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require. *See* Tex. R. App. P. 80(b) and (c). Where a judgment and sentence improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. *Aguirre v. State*, 732 S.W.2d 320, 327 (Tex. Crim. App. [Panel Op.] 1982). Courts of appeals have the power to reform

---

[6] It is hard to imagine Texas Rule of Appellate Procedure 43.2(b) ever being used in a civil appeal as anything other than a polite way to correct minor reversible error in the trial court's judgment; accordingly, in a civil appeal modifying the trial court's judgment and affirming it as modified is identical to a Rule 43.2(c) judgment reversing the trial court's judgment in part and rendering the judgment that the trial court should have rendered, except than the former is more diplomatic than the latter. This difference in practice is in large part attributable to Texas Rules of Civil Procedure 305 and 306a. In his concurrence in *Collier v. State*, Judge Keasler noted that in criminal appeals it cannot be right that subsections (b) and (c) overlap in full. 999 S.W.2d 779, 785 (Tex. Crim. App. 1999) (Keasler, J., concurring) (*Collier* was overruled by *Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012)).

incorrect judgments. *Harris v. State*, 670 S.W.2d 284, 285 (Tex. App.—Houston [1st Dist.] 1983, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Rivera v. State*, 716 S.W.2d 68, 71 (Tex. App.—Dallas 1986, pet. ref'd). And "there is authority that there is a mandatory duty to do this." *Waters v. State*, 137 Tex. Crim. 41, 127 S.W.2d 910, 910 (Tex. Crim. App. 1939).

The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Cf.* Tex. R. App. P. 52(a); *Creeks v. State*, 773 S.W.2d 334 (Tex. App.—Dallas 1989, pet. ref'd). The appellate court may act sua sponte and may have the duty to do so. Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment. *See, e.g.*, *Banks v. State,* 708 S.W.2d 460, 462 (Tex. Crim. App. 1986) (cumulated sentences); *Tamez v. State*, 620 S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reinstated fine); *Harris v. State,* 565 S.W.2d 66, 70 (Tex. Crim. App. 1978) (reinstated punishment of fifteen years assessed by jury rather than ten years reflected in original judgment); *Garza v. State*, 705 S.W.2d 818, 820 (Tex. App.—San Antonio 1986, no pet.) (inserted habitual offender findings); *Norman v. State*, 642 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (reformed fine from $1,000 to $10,000).

More specifically, judgments have been reformed to include a jury's affirmative finding of the use of a deadly weapon. *Herring v. State*, 752 S.W.2d 169, 175 (Tex. App.—Houston [1st Dist.] 1988), *remanded on other grounds*, 758 S.W.2d 283 (Tex. Crim. App. 1988); *Rische v. State*, 746 S.W.2d 287, 292 (Tex. App.—Houston [1st Dist.] 1988), *remanded on other grounds*, 755 S.W.2d 477 (Tex. Crim. App. 1988), *on remand*, 757 S.W.2d 518 (Tex. App.—Houston [1st Dist.] 1988, pet. denied); *Johnson v. State*, 712 S.W.2d 566, 567 (Tex. App.—Houston [1st Dist.] 1986, no pet.); *Sorenson v. State*, 709 S.W.2d 321, 323 (Tex. App.—Texarkana 1986, no pet.). The failure of the trial court to make the necessary entry as to an affirmative finding is not an error of judicial reasoning "but rather an error of a clerical nature." *Poe,* 751 S.W.2d at 876; *Clark v. State*, 754 S.W.2d 499, 500–01 (Tex. App.—Fort Worth 1988, no pet.); *Curry v. State*,

7

720 S.W.2d 261, 263 (Tex. App.—Austin 1986, pet. ref'd); *Johnson*, 712 S.W.2d at 567.

Further, where an affirmative finding has been improperly entered in the judgment, appellate courts may reform the judgment by deleting the finding. *See, e.g.*, *Easterling v. State*, 710 S.W.2d 569, 582 (Tex. Crim. App. 1986), *cert. denied*, 479 U.S. 848, 107 S. Ct. 170, 93 L. Ed. 2d 108; *Travelstead v. State*, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985); *Perez v. State*, 704 S.W.2d 499, 501 (Tex. App.—Corpus Christi 1986, no pet.).

In light of the evidence available to this court, and the authority invested in it, we reform the judgment to speak the truth. We are aware that *Creeks* has seemingly been decided to the contrary. *Creeks* involved an *Anders-Gainous* brief concluding that the appeal was wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). A panel of this court agreed. The State in its brief labeled a request as a "counterpoint" seeking to reform the judgment to include therein an affirmative finding by the jury that the defendant had used a deadly weapon during the commission of the offense. This was a regrettable choice of terminology. The State obviously sought a correction of what it deemed a clerical error and sought the appellate court's action on its own motion to reform the judgment to make it speak the truth. *See* Tex. R. App. P. 80(b) and (c). The panel opinion on original submission in *Creeks* viewed the insertion of "N/A" in the appropriate block on the pre-printed judgment form relating to "Findings on use of deadly weapon" not as a clerical error but one of judicial reasoning in view of the pre-printed narrative recitation in the judgment form. Such recitation read:

> The court further makes its finding as to deadly weapon as set forth above based on the jury's verdict or the findings of the Court when punishment fixed by the court.

A careful reading of the pre-printed recitation, general in nature, shows it was primarily designed and applicable when there had been an affirmative finding by judge or jury. Despite the jury's verdict, the panel opinion on original submission decided that there had been judicial error which could not be corrected upon the State's

8

complaint. Observing that the State had only a limited right of appeal and none in the *Creeks* appeal, the panel applied Rule 52 of the Texas Rules of Appellate Procedure and held that the failure of the State (the non-appealing party) to complain or object to the judgment in the trial court waived any error.

On rehearing the State relied upon *Poe,* arguing that the failure of the trial court was *not* an error of judicial reason "but rather an error of clerical nature." *Poe*, 751 S.W.2d at 876. The "lead" opinion on rehearing sought to distinguish between *Poe* and other cases on the basis that the judgments in those cases were silent as to the use of a deadly weapon, whereas the *Creeks'* judgment made a finding of "N/A" even though it was contrary to the jury's verdict. The concurring opinion on rehearing could not agree on the "undue emphasis on any distinction between this case and *Ex parte Poe . . . .*" *Creeks*, 773 S.W.2d at 336 (Thomas, J., concurring). It relied, instead, upon the failure of the State (as a non-appealing party) to make a timely request, objection, or motion in the trial court, Texas Rule of Appellate Procedure 52(a), or move for a judgment nunc pro tunc in the trial court prior to the appeal. There was also a dissenting opinion on rehearing indicating the three-member panel was badly split.

What was overlooked, as earlier discussed, is the fact that an appellate court, on its own motion, can reform the judgment to make the record speak the truth. In fact, it has a duty to do so, and such duty is not dependent upon a request by either party or whether they objected and preserved error in the trial court. Reliance on Rule 52(a) was misplaced in *Creeks.* Further, it is universally known that judgments in criminal cases, unlike those in civil cases, are generally prepared by clerks or other court personnel, and are not normally submitted to the parties for approval as to form. Often the parties learn of the judgment's recitations for the first time when the record is examined for appellate purposes and after the trial court has lost jurisdiction of the cause. At that time it is too late for either party to call the error to the trial court's attention or to move for a nunc pro tunc judgment there. *See Stevens v. State*, 371 S.W.2d 398 (Tex. Crim. App. 1963).

For an appellate court to ignore its duty to correct the record to speak the truth when the matter has been called to its attention by any source, and when it has the necessary data to do so, and to force a later nunc pro tunc proceeding in the trial court ensuring the

possibility of another appeal in the same case, as happened here, does nothing to aid judicial economy. *See Creeks v. State*, 807 S.W.2d 853 (Tex. App.—Dallas, 1991, no pet. h.). We find that the failure of the trial court to enter the necessary affirmative finding as to the use or exhibition of a deadly weapon is a clerical error; we overrule *Creeks* to the extent of any conflict.

*Asberry*, 813 S.W.2d at 529–31 (citing former 1986 Texas Rule of Appellate Procedure 80(b) (court of appeals may "modify the judgment of the court below by correcting or reforming it"), now current Tex. R. App. P. 43.2(b) (court of appeals may "modify the trial court's judgment and affirm it as modified")).[7]

Judge Onion pointed out a serious issue in criminal procedure that remains unaddressed—that judgments in criminal cases, unlike those in civil cases, are not normally submitted to the parties for approval as to form. *See* Tex. R. Civ. P. 305 (proposed judgments in civil cases). Due to legislative inaction to amend the Code of Criminal Procedure to require criminal judgments to be submitted to both the defendant and the State for review, all manner of mistakes occur on a not

---

[7] *Asberry* cites to both former 1986 Texas Rule of Appellate Procedure 80(b) and (c). 813 S.W.2d at 529. The authority *Asberry* cites is *Aguirre v. State*, 732 S.W.2d 320, 327 (Tex. Crim. App. [Panel Op.] 1982), which relied on former Code of Criminal Procedure article 44.24(b). Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 133, art. 44.24(b), 1981 Tex. Gen. Laws 761, 816 ("The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require."). As discussed later, the promulgation of the 1986 Texas Rules of Appellate Procedure substantively changed former Code of Criminal Procedure article 44.24(b) by dividing "may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require" into former 1986 Texas Rule of Appellate Procedure 80(b) and (c). As *Asberry* contains no substantive discussion of former 1986 Texas Rule of Appellate Procedure 80(c) ("Other Orders. In addition, the court of appeals may make any other appropriate order, as the law and the nature of the case may require.)," the substantive procedural rule discussed in *Asberry* is former 1986 Texas Rule of Appellate Procedure 80(b)(2). *See* Tex. R. App. P. 80(b), (c), 11 Tex. Reg. 1939, 2003–04, 49 Tex. B.J. 558, 581 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986) ("(b) Types of Judgment. The court of appeals may: . . . (2) modify the judgment of the court below by correcting or reforming it . . . .").

infrequent basis that require *Asberry/French* nunc pro tunc modification under current Texas Rule of Appellate Procedure 43.2(b). Whether a judgment that has not been reviewed by the defendant and the State contains an incorrect (1) designation of the trial court, (2) punishment range, (3) plea on an enhancement paragraph, (4) finding, (5) statement that defendant has no right of appeal, and/or (6) et cetera, it is unquestionably a very poor use of resources to set up a system in which judgments nunc pro tunc must be done in the appellate court, assuming the erroneous judgments are appealed.[8] There is an obvious solution—allow the trial court to fix such errors before it signs the judgment. Because the legislature has not yet entrusted the Court of Criminal Appeals with rulemaking authority like that of the Supreme Court of Texas, only the legislature can fix this problem. Until then, the appellate courts must spend their time correcting such nunc pro tunc errors.

## C.    Is the finding subject to *Asberry/French* "speak the truth" modification?

The State makes the following legal argument for modifying the finding in this case: "This Court may modify a trial court's judgment and affirm it as modified. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); Tex. R. App. P. 43.2(b)."

The Court of Criminal Appeals in *Bigley* stated, "Nothing in the text of Rule

---

[8] In addition, criminal procedure still clings to the concept that everything essential to the conviction and sentence is orally rendered in open court, with the written judgment seemingly a mere memorial of what the trial judge said. The Supreme Court of Texas long ago recognized the complexity of judgments and abandoned this practice by adopting Texas Rule of Civil Procedure 306a, requiring the date of the signing of the judgment as the beginning of the time for post-judgment motions and appeals. Judgments in criminal cases are no longer simple, and the Code of Criminal Procedure and other codes continue to require the expansion of such judgments. Perhaps the time has arrived when this complexity requires that criminal deadlines for post-judgment motions and appeals run from the signing of a judgment that has been reviewed as to form and substance by both the defendant and the State. This would allow the courts of appeals to use a consistent standard for clerical error and judicial error in both criminal and civil judgments.

80, however, so limits the power of the court of appeals to reform a judgment of the court below. Therefore, we refuse to limit the authority of the courts of appeals to reform judgments to only those situations involving mistakes of a clerical nature." 865 S.W.2d at 27. Clearly, Rule 43.2(b) functions as more than merely a means to render a judgment nunc pro tunc. In *Bigley*, however, the question was whether the court of appeals had the authority to reform a judgment to reflect a conviction for a lesser-included offense when there was insufficient evidence to convict the defendant for the offense of possession of at least 400 grams of methamphetamine, but sufficient evidence of a less than 400 grams. *Id.* at 26–27. We know from cases like *Bigley* and *Bowen v. State*, 374 S.W.3d 427 (Tex. Crim. App. 2012) that Rule 43.2(b) can be used to modify the trial court's judgment to convict the defendant on a lesser-included offense and affirm that judgment as modified. In this appeal, the State is not asking this court to modify the judgment to convict the defendant on a lesser-included offense. The only Rule 43.2(b) basis is *Asberry*/*French* "speak the truth" modification—nunc pro tunc error correction.

There is no question that this court must delete the language "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED." The record reveals this to be a clerical error in the judgment, given that appellant has a right to appeal under Code of Criminal Procedure article 44.02, so this finding must be deleted to make the record "speak the truth." Tex. Code Crim. Proc. Ann. art. 44.02. But there is no path to applying *Asberry*/*French* modification to correct error in the affirmative finding of fact by the trial judge pursuant to Code of Criminal Procedure article 42.017. First, the State specifically raised the error on appeal, but neither preserved error in the trial court nor argued why preservation was unnecessary. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (State's appeal); Tex. R. App. P. 33.1(a). Second, the State argues, "The findings are contrary to the

12

record." This is materially different, however, from the circumstance regarding the defendant's right of appeal because the record does not reflect a reason why appellant has no right to appeal, so the judgment did not properly reflect what happened in the trial court. Regarding the article 42.017 findings, however, there is no indication as to the trial court's intentions; rather, the State's argument is simply that the finding is not supported by sufficient evidence.

Were the State raising a conventional issue claiming error in the trial court's judgment, this presumably would be an issue that no evidence exists to support the trial judge's required finding. Where in this appeal is the discussion of the deference we give to the fact finder for credibility and weight determinations and the consideration of all the evidence in the light most favorable to the finding? If *Jackson v. Virginia* and *Brooks v. State* do not apply and Rule 43.2(b) allows this court to "fix" the finding without the bother of an evidentiary review that Rule 43.2(c) requires, that would be a massive and unprecedented expansion of this court's "error correction" powers, because this looks more like a sua sponte legal-sufficiency review and subsequent nullification of a fact finding rather than a nunc pro tunc correction of a clerical error. *See Jackson*, 443 U.S. 307, 319 (1979); *Brooks*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010).

Assuming (1) the State's cross-point is permissible under Code of Criminal Procedure article 44.01 and (2) the State had no burden to preserve error in the trial court under Rule 33.1(a)(1), none of which is briefed by the State, the State nonetheless makes no substantive argument for expanding *Asberry*/*French* modification to correct error to what appears to be a no-evidence issue. *See* Tex. R. App. P. 48.1 ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authority and to the record."). Faced with no legal-sufficiency argument, what should this court do?

That question is not addressed. What the court does is fix the State's problem. First, the court describes the findings as "incorrect." The problem is the court engages in no discussion regarding whether the trial court's finding is error, and if it is error, whether it is clerical error subject to nunc pro tunc modification or judicial error that should be reversed under Rule 43.2(c). It takes more than merely "incorrect" findings to invoke our authority to modify the judgment to make it speak the truth. *See Asberry*, 813 S.W.2d at 530. Neither *French*, *Asberry*, or Rule 43.2 ("Types of Judgment") give the appellate court carte blanche to alter the trial court's judgment to "fix things" and achieve whatever result the appellate court thinks is "correct."

**D.     Does Rule 43.6 allow this court to delete the finding?**

What this court also cites, but with no substantive discussion, is Texas Rule of Appellate Procedure 43.6 for the additional justification that this court can use that rule to alter the trial court's judgment: "The court of appeals may make any other appropriate order that the law and the nature of the case require." Tex. R. App. P. 43.6. That is not a plain reading of the rule, as the types of judgments are listed in Rule 43.2; the "other appropriate order" this court may make must accordingly be distinct from the modification of judgment allowed under Rule 43.2. Accordingly, under *Boykin v. State*, the interpretation of Rule 43.6 can stop here because the plain meaning of "Other Orders" prohibits the court's reliance on that rule in this case, and this reading does not lead to an absurd result. 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). However, it is useful to understand how we got to Rule 43.2 and 43.6 because there have been substantive changes over the 164 years since the adoption of the Old Code, when the legislature enacted the Code of Criminal Procedure and article 742 used the phrase "as the law and the nature of

14

the case require."[9]

[9] 1856 Code of Criminal Procedure, 6th Leg., Adj. S., § 1, art. 742, 1856 Tex. Crim. Stat. 4, 141 ("The judgment in a criminal action, upon appeal, may be wholly reversed and dismissed when brought up by the defendant, or affirmed and dismissed when brought up by the State ; the judgment may be reformed and corrected, or the cause may be remanded for further proceedings in the District Court, as the law and the nature of the case may require."), *recodified and repealed by* 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 869, § 3, 1879 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 103 ("The court of appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and the nature of the case may require."), 157 (repealer), *replaced and repealed by* Act approved Apr. 13, 1892, 22d Leg., 1st C.S., ch. 16, § 41 (replacement), § 67 (repealer), 1892 Tex. Gen. Laws 34, 39 ("The court of criminal appeals may affirm the judgment amend of [sic] the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and the nature of the case may require. . . .") 42 (repealer), *recodified and repealed by* 1895 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 904, § 3, 1895 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 124 ("The court of criminal appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require. . . ."), 182 (repealer), *amended by* Act approved Mar. 3, 1897, § 1, art. 904, 1897 Tex. Gen. Laws 11, 11 ("The Court of Criminal Appeals may affirm the judgment of the court below or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require. . . ."), *recodified by* 1911 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 938, § 3, 1911 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 268 ("**Judgment on appeal.**—The court of criminal appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require . . . .") (no repealer of 1895 Code of Criminal Procedure; *see Berry v. State*, 156 S.W. 626, 635 (Tex. Crim. App. 1913)), *recodified and repealed by* 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 847, § 3, art. 1, 1925 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 134 ("**Presumptions on appeal.**—The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require. . . ."), 181 (repealer for both 1895 and 1911), *recodified and repealed by* 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 44.24, 54.02, sec. 1(a), [2] 1965 Tex. Gen. Laws 317, 317, 516 ("The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require. . . ."), 563 (repealer), *amended by* Act of May 25, 1973, 63d Leg., R.S., ch. 460, § 1, art. 44.24, 1973 Tex. Gen. Laws 1260, 1260 (" . . . (b) The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require."), *article 44.24(b) amended by* Act of June 1, 1981, 67th

Originally, article 742 specified that the phrase "as the law and the nature of the case require" modified both "[1] the judgment may be reformed and corrected, or [2] the cause may be remanded." The second part ("the cause may be remanded, as the law and the nature of the case require") allowed the appellate court[10] to

Leg., R.S., ch. 291, § 133, art. 44.24(b), 1981 Tex. Gen. Laws 761, 816 ("The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require."), *codification and repeal authorized by* Act of May 27, 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2472 (authorizing repeal if Court of Criminal Appeals promulgates comprehensive body of rules of posttrial, appellate, and review procedure in criminal cases) *and codified and repealed by* Tex. R. App. P. 80(b), (c), 11 Tex. Reg. 1939, 2003–04, 49 Tex. B.J. 558, 581 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986) ("(b) Types of Judgment. The court of appeals may: (1) affirm the judgment of the court below, (2) modify the judgment of the court below by correcting or reforming it, (3) reverse the judgment of the court below and dismiss the case or render the judgment or decree that the court below should have rendered, or (4) reverse the judgment of the court below and remand the case for further proceedings. (c) Other Orders. In addition, the court of appeals may make any other appropriate order, as the law and the nature of the case may require."), *amended by* Tex. R. App. P. 43.2, 43.6, 60 Tex. B.J. 878, 923 (Tex. Crim. App. Aug. 15, 1997, eff. Sept. 1, 1997) ("43.2 **Types of Judgment.** The court of appeals may: (a) affirm the trial court's judgment in whole or in part; (b) modify the trial court's judgment and affirm it as modified; (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered; (d) reverse the trial court's judgment and remand the case for further proceedings; (e) vacate the trial court's judgment and dismiss the case; or (f) dismiss the appeal.") ("43.6 **Other Orders.** The court of appeals may make any other appropriate order that the law and the nature of the case require.") (apparently no publication in *Texas Register*; *see* Tex. Gov't Code Ann. § 22.108(c)).

Current Texas Rules of Appellate Procedure 43.2 and 43.6 are discussed in 43B George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* §§ 56.213 (reformation to conviction of lesser included offense), .216 (reformation or modification of judgment—in general) (3d ed. 2011).

[10] The appellate court from 1856 to the 1876 effective date of the current Texas Constitution was the Supreme Court of Texas; the appellate court after the effective date of the current Texas Constitution was the Court of Appeals. *See* Tex. Ord. no. 1, § 1 (Nov. 22, 1875), *reprinted in* 8 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 775, 775 (Austin, Gammel Book Co. 1898) ("If a majority of all the votes cast at said election, and returned to the Secretary of State, shall be in favor of ratification, the Governor shall, within five days next succeeding the return day, issue his proclamation declaring the fact, and then the new Constitution shall, on the third Tuesday in April, A. D., 1876 [April 18, 1876], become, and thereafter be, the organic and fundamental law of the State."); Tex. Const. art. V, §§ 5–6 (among other things, creating Court of Appeals and setting term of court as first Monday of October until last Saturday of June).

16

remand for further proceedings without action on the judgment of the court below:

> [1856] The judgment in a criminal action, upon appeal, may be wholly reversed and dismissed when brought up by the defendant, or affirmed and dismissed when brought up by the State ; the judgment may be reformed and corrected, or the cause may be remanded for further proceedings in the District Court, as the law and the nature of the case may require.[11]

Beginning in 1879, the legislature limited "as the law and the nature of the case may require" to modifying "the court of appeals may . . . reform and correct the judgment" by removing the appellate court's power to order that "the cause may be remanded for further proceedings in the District Court":

> [1879] The court of appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and the nature of the case may require.[12]

Other than changing "court of appeals" to "Court of Criminal Appeals," the legislature in 1892, 1895, 1897, 1911, 1925, 1965, and 1973 kept "as the law and the nature of the case may require" as a modification of the appellate court's power to "reform and correct the judgment":

> [1892] The court of criminal appeals may affirm the judgment of of [sic] the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment as the law and the nature of the case may require. . . .[13]
>
> [1895] The court of criminal appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may

---

[11] 1856 Code of Criminal Procedure, 6th Leg., Adj. S., § 1, art. 742, 1856 Tex. Crim. Stat. 4, 141.

[12] 1879 Penal Code and Code of Criminal Procedure, 16th Leg., R.S., § 2, art. 869, 1879 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 103.

[13] Act approved Apr. 13, 1892, 22d Leg., 1st C.S., ch. 16, § 41, 1892 Tex. Gen. Laws 34, 39.

17

reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require. . . .[14]

[1897] The Court of Criminal Appeals may affirm the judgment of the court below or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require. . . .[15]

[1911] **Judgment on appeal.**—The court of criminal appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and the nature of the case may require . . . .[16]

[1925] **Presumptions on appeal.**—The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require. . . .[17]

[1965] The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require. . . .[18]

[1973] The Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment, as the law and nature of the case may require.[19]

In 1981, the legislature substantively extended the scope of "as the law and

---

[14] 1895 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 904, 1895 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 124.

[15] Act approved Mar. 3, 1897, § 1, art. 904, 1897 Tex. Gen. Laws 11, 11.

[16] 1911 Penal Code and Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 938, 1911 Tex. Crim. Stat. n.p. (Penal Code), n.p. (Code of Criminal Procedure), 268.

[17] 1925 Penal Code and Code of Criminal Procedure, 39th Leg., R.S., § 2, art. 847, 1925 Tex. Crim. Stat. 2 (Penal Code), 2 (Code of Criminal Procedure), 134.

[18] 1965 Code of Criminal Procedure of the State of Texas, 59th Leg., R.S., ch. 722, § 1, arts. 44.24, [2] 1965 Tex. Gen. Laws 317, 317, 516.

[19] Act of May 25, 1973, 63d Leg., R.S., ch. 460, § 1, art. 44.24, 1973 Tex. Gen. Laws 1260, 1260.

the nature of the case may require" to allow the Court of Criminal Appeals and the new courts of appeals to "reform and correct the judgment" or "enter any other appropriate order":

> [1981] The courts of appeals and the Court of Criminal Appeals may affirm the judgment of the court below, or may reverse and remand for a new trial, or may reverse and dismiss the case, or may reform and correct the judgment or may enter any other appropriate order, as the law and nature of the case may require.[20]

The 1981 power of the appellate courts to "enter any other appropriate order" "as the law and the nature of the case may require" resurrected the power of Old Code 1856 Code of Criminal Procedure article 742 to remand for further proceedings without affecting the lower court's judgment "as the law and the nature of the case may require." The 1981 power of the appellate courts to "enter any other appropriate order" "as the law and the nature of the case may require" also extended beyond the Old Code's grant of power to order a remand for further proceedings to other orders that did not affect the judgment of the court below.

After the legislature in 1985 authorized the Court of Criminal Appeals to promulgate rules of posttrial, appellate, and review procedure in criminal cases, the Supreme Court of Texas and Court of Criminal Appeals jointly adopted the 1986 Texas Rules of Appellate Procedure. Former 1986 Rule 80 recodified the former criminal statutes as follows:

> [1988] (b) Types of Judgment. The court of appeals may: . . . (2) modify the judgment of the court below by correcting or reforming it. . . .
>
> (c) Other Orders. In addition, the court of appeals may make any other

---

[20] Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 133, art. 44.24(b), 1981 Tex. Gen. Laws 761, 816.

appropriate order, as the law and the nature of the case may require.[21]

This is what Presiding Judge Onion interpreted in *Asberry*. 813 S.W.2d at 531. Former 1986 Rule 80 made a substantive change, restricting "as the law and the nature of the case may require" to modifying only Rule 80(c). Whether there was a specific reason for removing "as the law and the nature of the case may require" as a modifier of "reform and correct the judgment" is uncertain; however, the plain language of the 1986 Texas Rules of Appellate Procedure shows that the change was made. Former 1986 Rule 80 also clearly distinguished between "Types of Judgments" and "Other Orders" that the courts of appeals were authorized to make, clearly indicating that former Rule 80(c) orders were different from judgments.

The final step in this evolution is current Texas Rules of Appellate Procedure:

> [1997] 43.2 **Types of Judgment.** The court of appeals may: . . . (b) modify the trial court's judgment and affirm it as modified; . . . .
>
> 43.6 **Other Orders.** The court of appeals may make any other appropriate order that the law and the nature of the case require.[22]

Other than simplifying the language in Rule 43.2, there is no significant change.

The statutory history confirms that this court cannot rely on Rule 43.6 to justify the action it takes in this case, but also sheds light on the problematic nature of, and possible solutions to, the issues situations like these present to the defendant and State and to appellate courts. If there is anything to learn from this history, it is that one arguable "other order" is something like the remand the Old Code allowed under 1856 Code of Criminal Procedure article 742. The State could

---

[21] Tex. R. App. P. 80(b), (c), 11 Tex. Reg. 1939, 2003–04, 49 Tex. B.J. 558, 581 (Tex. Crim. App. Apr. 10, 1986, eff. Sept. 1, 1986).

[22] Tex. R. App. P. 43.2, 43.6, 60 Tex. B.J. 878, 923 (Tex. Crim. App. Aug. 15, 1997, eff. Sept. 1, 1997).

have asked for this court to order the cause remanded to the trial court for further proceedings limited to a hearing on the affirmative finding of fact by the trial judge pursuant to Code of Criminal Procedure article 42.017. But the State has not requested that, nor argued if that is a proper use of Rule 43.6. The case has been submitted and allowing a party—whether appellant or the State—to raise new arguments at this time would be extraordinary.

## II. CONCLUSION

There is no legal basis on which to grant the relief the State requests in its cross-point to delete the Code of Criminal Procedure article 42.017 finding, and the court errs in sustaining that portion of the cross-point. Accordingly, I dissent to that portion of this court's judgment. I also strongly disagree with the court's opinion insofar as it casually and wrongly expands the scope of *Asberry*/*French* "speak the truth" modification and misconstrues the plain language of Texas Rule of Appellate Procedure 43.6 to fix a fact finding contrary to established law under *Jackson v. Virginia* and *Brooks v. State*. I concur in the remainder of the judgment. I also hope the legislature will do something to allow defendants and the State an opportunity to review draft criminal judgments in advance of the trial court signing those judgments. While the civil practice is not perfect, the current criminal practice, which allows all sorts of errors affecting the defendant and State to slip through the cracks, seems to have no justification other than "we've always done it that way." Texas deserves better.


/s/    Charles A. Spain
       Justice

Panel consists of Chief Justice Frost and Justices Jewell and Spain (Frost, C.J., majority).

Publish — TEX. R. APP. P. 47.2(b).

21